**Forms. Model form for motions under 28 U.S.C. § 2255 and
model form for use in 28 U.S.C. § 2255 cases involving a Rule 9 issue**

FILED

15 P 12:04

## MODEL FORM FOR MOTIONS UNDER 28 U.S.C. § 2255

Name _Daniel Jean-Louis_

Prison Number **05 - 11274 DPW**

Place of Cnfinement _Passaic Reference to my Jail RB Colling_

United States District Court _for the_ District of _Massachusetts_

Case No. _____ (to be supplied by Clerk of U.S. District Court) United States,

v.

_Daniel Jean Louis_

(full name of movant)
(If movant has a sentence to be served in the future under a Federal judgment which he
wishes to attack, he should file a motion in the Federal Court which entered the
judgment.)

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
## BY A PERSON IN FEDERAL CUSTODY

(1) This motion must be legibly handwritten or typewritten, and signed by the movant
under penalty of perjury. Any false statement of a material fact may serve as the basis
for prosecution and conviction for perjury. All questions must be answered concisely in
the proper space on the form.
(2) Additional pages are not permitted except with respect to the facts which you rely
upon to support your grounds for relief. No citation of authorities need be furnished.
If briefs or arguments are submitted, they should be submitted in the form of a separate
memorandum.
(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required
with this motion.
(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other
costs connected with a motion of this type, you may request permission to proceed *in
forma pauperis*, in which event you must execute the declaration on the last page,
setting forth information establishing your inability to pay the costs. If you wish to

proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is 1200 John Joseph Moakley U.S. Court House 1 Court House Way Boston MA.

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.                                                          02210

## MOTION

1. Name and location of court which entered the judgment of conviction under attack United States District Court District of Massachusett

2. Date of judgment of conviction Oct. 24, 00.

3. Length of sentence _____

4. Nature of offense involved (all counts)
   Conspiracy to Commit Bank Fraud
   _____
   _____

5. What was your plea? (Check one)
   (a) Not guilty [ ]
   (b) Guilty [X]
   (c) Nolo contendere [ ]
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____
   _____
   _____

6. Kind of trial: (Check one)
   (a) Jury [ ]
   (b) Judge only [ ]

7. Did you testify at the trial?
   Yes [ ] No [ ]

8. Did you appeal from the judgment of conviction?
   Yes [ ] No [X]

222

9. If you did appeal, answer the following:
   (a) Name of court _____
   (b) Result _____
   (c) Date of result _____
10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any Federal court?
   Yes [ ] No [X]
11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _____
      (2) Nature of proceeding _____
      _____

      (3) Grounds raised _____ N/A _____
      _____
      _____
      _____
      _____

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
         Yes [ ] No [ ]    N/A
      (5) Result _____
      (6) Date of result _____
   (b) As to any second petition, application or motion give the same information:
      (1) Name of court _____
      (2) Nature of proceeding _____
      _____
      (3) Grounds raised _____ N/A _____
      _____
      _____
      _____
      _____

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
         Yes [ ] No [ ]    N/A
      (5) Result _____
      (6) Date of result _____
   (c) As to any third petition, application or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____ N/A _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes [ ] No [ ]

(d) Did you appeal, to an appellate Federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes [ ] No [ ]

(2) Second petition, etc. Yes [ ] No [ ]

(3) Third petition, etc. Yes [ ] No [ ]

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____

_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the fact supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

**CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.**

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

224

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____
_____
_____
_____
_____

B. Ground two: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____
_____
_____
_____
_____

C. Ground three: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____
_____
_____
_____
_____

D. Ground four: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____
_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: Ground A· were not previously presented because petitioner didnt aware of the Immigration Consegmence until he was detained by the (I·N·s) service on 11-09-2004

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes [ ] No [X]

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _____

    _____

    (b) At arraignment and plea  Gordon W. Spencer
        555 Amory St· #10 Jamaica plain MA· 02130
    (c) At trial _____ same as above _____

    (d) At sentencing _____ same as above _____

    (e) On appeal _____ None _____

    (f) In any post-conviction proceeding _____ None _____

    (g) On appeal from any adverse ruling in a post-conviction proceeding
        _____ None _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes [ ] No [X]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes [ ] No [X]

  (a) If so, give name and location of court which imposed sentence to be served in the future: _____ N/A _____

  (b) And give date and length of sentence to be served in the future: N/A _____

  (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes [ ] No [ ]

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _June 14, 2005_
                                    (date)

_____
Signature of Movant

6

**UNITED STATES DISTRICT COURT
OF MASSACHUSETTS**          FILED
                           PRES OFFICE

**Case No.CR10234-Civ-Douglas Woodlock** 12: 04

**Daniel Jean Louis,**                    DISTRICT COURT
                                          DISTRICT OF MASS.

**appellant**                    05 - 11274 DFW

-v-

## STATEMENTS OF FACTS

Ground One:

Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge or the consequence of the plea. The appellant Daniel Jean Louis pleades guilty to conspiracy to commit bank fraud without the knowledge of the consequence of the plea since neither his lawyer or the court advised the appellant regarding any immigration consequence. The appellant has been in immigration custody for ten (10) months up till the present moment based on this lustant conviction even though he has never been convicted before charging him with an aggravated felony pursuant to the new Immigration law claiming that the amount of the loss exceed ten (10) thousand dollars. In the Pre-sentenced Report (PSR), the appellant was charged with $12,869.01 dollars. Presiding Judge Honorable Douglass Woodlock, mentioned that the appellant don't have full responsibility for the whole ammount. Ordinarily the appellant would have elligible for some kind of relief from deportation had it not been for the ammount of the loss attributed to the appellant. He has been in the United States for fifteen (15) years as a permanent resident with just only one conviction.

The Appellant Daniel Jean Louis, does not disputes that he was convicted of an offense that involves fraud. His Challenge relates to the scope of the offense and the resulting "loss to the victim or victims."

1. Now the Department of Homeland Security (DHS) has argued and used erroneous and unreliable informationin a pre-sentence report (PSR) to commence deportation proceedings against the appellant and has based its case around this said information to successfully order the appellant deported to his native land of Haiti.

2. The Appellant has been cahrged under Immigration Law as an alien convicted by a final Judgement of conspiracy to defraud a victim or victims of an amount in excess of $10,000.00 has been convicted of an aggravated felony as defined under INA 101(a) (43)(m)(i) and 101(a)(43)(u).

3. This is because the probation department / supervice release has enter wrong data to calculate an amount of $12,869.01 to the pre-sentence report (PSR) of the Appellant, Instead of dividing that same amount into two (2), which accurately provided the right data of $6,438.11. Thus, bringing the amount under $10,000 and not deportable under



Immigration Laws.

The appellant contends that there is "no indication" that his attorney has filed written objections to the pre-sentenced report pursuant to rule 32(b)(6)(B) of the federal rules of criminal procedures. His criminal defense attorney failure to object to this rule render him Ineffective Assistance of Counsel, the appellant suffered fundamental unfairness due to this cause of reckless neglectgence on the part of his attorney. Further more, a great harm was done, when the immigration judge admitted the pre-sentence report into evidence, because the appellant has been detained in the Bice custody for more than six (6) months and could be deported any day now.

The appellant Daniel Jean Louis, decided not to forgo his right to a trial and instead plead guilty to only one count of bank fraud, which should not have been considering he played a minor role by doing a friend a favor and passing a bad check. In return he saved the government and tax payers a great deal of money. If his lawyer had advised him with full understanding of the nature of the plea agreement that warrant him deportable as a long term permanent resident of this country. He is absolutely sure he would not have accepted it.

The deal between appellant Jean and the government was reduce to less than $10,000 in restitution. The core of the plea agreement where the understanding that appellant Jean, would up his rights to a trial and instead plea guilty "only" to "share" the restitution with his co-defendant Rhau, which is the key player in this case, see ex. (A) supervise release report, states as follows:

> "The defendant shall pay $12,869.01 in restitution
> immediately or according to a payment schedule to
> established by the probation officer and approved
> by the court. The restitution shall be paid by the
> defendant "JOINTLY" and severally with **Richardson**
> **Rhau**, who was convicted in a related case. Payments
> shall be to the clerk, U.S. District Court, for transfer to
> Citizens Bank. The defendant shall pay at least $100.00
> dollars per month in restitution"

Since there is no information verifying that the appellant Jean, received any of the proceed or personally withdrawing a penny from this fraudulent account. The only connection between appellant Jean-Louis, and this account is simply depositing the check. His portion of the restitution which is $6,438.11, should be dismissed.

Therefore, based on these facts the appellant received Ineffective Assistance of Counsel that warrant relief, and it would be unfair to remand this matter back to INS for further proceedings and the order should be vacated because it was not perfected. Appellant contends that criminal proceedings are strict and rigorous, because they are designed to accomplish a given task via set factors being met, and result in one party loosing by harm or by those factors being met.

When the given task is accomplished in accordance with all of the rules and regulations which govern that criminal proceeding then the task accomplished is perfected, set and cannot be disturbed. However, when the task is accomplished in violation of the rules or regulations that govern the proceedings, it is not perfected and if the violation affected the rights and interest on the loosing party then accomplished i.e. The order of restitution should be set aside, because the appellant family has paid over $7,000 dollars to an immigration attorney. Furthermore the appellant should be re-sentenced and the probation should be vacated due to the fact that he has spent three (3) months for the violation and has spent six (6) months in the Department of Homeland Security pending deportation.

Appellant therefore respectfully request that the order be vacated and order the appellant released from immigration custody. The appellant so prays.

## CONCLUSION

Respectfully Submitted,

Daniel Jean Louis
Passaic County Jail
11 Sheriff's Plaza
Patterson NJ 07501

Continuation Page - Supervised Release/Probation

CASE NUMBER:     **1: 00 CR 10234  - 001 - DPW**                    Judgment - Page 4 of 4
DEFENDANT:
                 DANIEL JEAN-LOUIS

Continuation of Conditions of ☒Supervised Release ☐Probation

1. THE DEFENDANT SHALL NOT COMMIT ANY FEDERAL, STATE, OR LOCAL CRIME.

2. THE DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS THAT HAVE BEEN
ADOPTED BY THIS COURT (SET FORTH IN THIS JUDGMENT).

3. THE DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

4. THE DEFENDANT SHALL NOT USE ANY UNLAWFUL CONTROLLED SUBSTANCES.

5. THE DEFENDANT SHALL PAY $12,869.01 IN RESTITUTION IMMEDIATELY OR ACCORDING
TO A PAYMENT SCHEDULE TO BE ESTABLISHED BY THE PROBATION OFFICER AND
APPROVED BY THE COURT. THE RESTITUTION SHALL BE PAID BY THE DEFENDANT
JOINTLY AND SEVERALLY WITH RICHARDSON RHAU, WHO WAS CONVICTED IN A RELATED
CASE. PAYMENT SHALL BE TO THE CLERK, U.S. DISTRICT COURT, FOR TRANSFER TO
CITIZENS BANK. THE DEFENDANT SHALL PAY AT LEAST $100 PER MONTH IN RESTITUTION.

6. THE DEFENDANT SHALL PAY THE $100 SPECIAL ASSESSMENT FORTHWITH.

7. THE DEFENDANT SHALL SUBMIT TO DRUG TESTING AS DIRECTED BY THE PROBATION
OFFICER.

8. THE DEFENDANT IS PROHIBITED FROM INCURRING NEW CREDIT CHARGES OR OPENING
ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER
UNLESS THE DEFENDANT IS IN COMPLIANCE WITH THE PAYMENT SCHEDULE.

9. THE DEFENDANT SHALL PROVIDE THE PROBATION OFFICER WITH ANY REQUESTED
FINANCIAL INFORMATION.

10. THE DEFENDANT SHALL NOTIFY THE UNITED STATES ATTORNEY FOR THE DISTRICT
WITHIN 10 DAYS OF ANY CHANGE OF MAILING OR RESIDENCE ADDRESS THAT OCCURS
WHILE ANY PORTION OF THE RESTITUTION REMAINS UNPAID.

11. THE DEFENDANT IS TO COMPLETE 250 HOURS OF COMMUNITY SERVICE PER YEAR AT
AN AGENCY APPROVED BY THE PROBATION OFFICER. THE DEFENDANT SHALL PERFORM
AT LEAST 20 HOURS OF COMMUNITY SERVICE EACH MONTH.

12. IF DEPORTED, THE DEFENDANT SHALL LEAVE THE UNITED STATES AND SHALL NOT
RETURN WITHOUT PRIOR PERMISSION OF THE UNITED STATES ATTORNEY GENERAL.

# Jean Daniel
# 2G3

# Jean Daniel
# 2G3

Forms. Model form for motions under 28 U.S.C. § 2255 and
model form for use in 28 U.S.C. § 2255 cases involving a Rule 9 issue

## MODEL FORM FOR MOTIONS UNDER 28 U.S.C. § 2255

Name _____Daniel Jean - Louis_____

Prison Number _____

Place of Cnfinement _____Passaic County Jail_____

United States District Court _for the_ District of _Massachusetts_

Case No. _____ (to be supplied by Clerk of U.S. District Court) United States,

v.

_____Daniel Jean Louis_____

(full name of movant)

(If movant has a sentence to be served in the future under a Federal judgment which he
wishes to attack, he should file a motion in the Federal Court which entered the
judgment.)

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
## BY A PERSON IN FEDERAL CUSTODY

(1) This motion must be legibly handwritten or typewritten, and signed by the movant
under penalty of perjury. Any false statement of a material fact may serve as the basis
for prosecution and conviction for perjury. All questions must be answered concisely in
the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely
upon to support your grounds for relief. No citation of authorities need be furnished.
If briefs or arguments are submitted, they should be submitted in the form of a separate
memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required
with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other
costs connected with a motion of this type, you may request permission to proceed *in
forma pauperis*, in which event you must execute the declaration on the last page,
setting forth information establishing your inability to pay the costs. If you wish to

proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is 1200 John Joseph Moakley U.S. Court House 1 Court House Way Boston MA. 02210

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

## MOTION

1. Name and location of court which entered the judgment of conviction under attack United States District Court District of Massachusetts

2. Date of judgment of conviction Oct. 24, 00

3. Length of sentence _____

4. Nature of offense involved (all counts) Conspiracy to Commit Bank Fraud

5. What was your plea? (Check one)
   (a) Not guilty [ ]
   (b) Guilty [X]
   (c) Nolo contendere [ ]
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (Check one)
   (a) Jury [ ]
   (b) Judge only [ ]

7. Did you testify at the trial?
   Yes [ ] No [ ]

8. Did you appeal from the judgment of conviction?
   Yes [ ] No [X]

9. If you did appeal, answer the following:
   (a) Name of court _____
   (b) Result _____
   (c) Date of result _____
10. Other than a direct appeal from the judgment of conviction and sentence,
    have you previously filed any petitions, applications or motions with
    respect to this judgment in any Federal court?
    Yes [ ] No [X]
11. If your answer to 10 was "yes," give the following information:

   (a) (1)  Name of court _____
       (2)  Nature of proceeding _____
       _____
       (3)  Grounds raised _____ N/A _____
       _____
       _____
       _____

       (4)  Did you receive an evidentiary hearing on your petition,
            application or motion?
            Yes [ ] No [ ]                N/A
       (5)  Result _____
       (6)  Date of result _____
   (b) As to any second petition, application or motion give the same
       information:
       (1)  Name of court _____
       (2)  Nature of proceeding _____
       _____
       (3)  Grounds raised _____ N/A _____
       _____
       _____
       _____

       (4)  Did you receive an evidentiary hearing on your petition,
            application or motion?
            Yes [ ] No [ ]                N/A
       (5)  Result _____
       (6)  Date of result _____
   (c) As to any third petition, application or motion, give the same
       information:

    (1)  Name of court _____

    (2)  Nature of proceeding _____

    (3)  Grounds raised _____

_____

_____

_____

    (4)  Did you receive an evidentiary hearing on your petition, application or motion?
Yes [ ] No [ ]

(d)  Did you appeal, to an appellate Federal court having jurisdiction, the result of action taken on any petition, application or motion?

    (1)  First petition, etc. Yes [ ] No [ ]

    (2)  Second petition, etc. Yes [ ] No [ ]

    (3)  Third petition, etc. Yes [ ] No [ ]

(e)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____

12.  State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the fact supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    **CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.**

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

B. Ground two: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

C. Ground three: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

D. Ground four: _____

Supporting FACTS (tell your story briefly without citing cases or law):

_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously
presented, state briefly what grounds were not so presented, and give
your reasons for not presenting them: Ground A· were not
previously presented because petitioner didnt
aware of the Immigration Consequence
until he was detained by the (I·N·S) service
on 11-09-2004

14. Do you have any petition or appeal now pending in any court as to the
judgment under attack?
Yes [ ] No ☒

15. Give the name and address, if known, of each attorney who represented you
in the following stages of the judgment attacked herein:
(a) At preliminary hearing _____
_____

(b) At arraignment and plea Gordon W. Spencer
555 Amory St· #10 Jamaica plain MA· 02130
(c) At trial _____ Same as above

(d) At sentencing _____ same as above

(e) On appeal _____ None

(f) In any post-conviction proceeding _____ None

(g) On appeal from any adverse ruling in a post-conviction proceeding
None·

16. Were you sentenced on more than one count of an indictment, or on more
than one indictment, in the same court and at approximately the same
time?
Yes [ ] No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes [ ] No ☒

  (a) If so, give name and location of court which imposed sentence to be served in the future: _____ N/A _____
_____

  (b) And give date and length of sentence to be served in the future: _____ N/A _____

  (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes [ ] No [ ]

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on ___June 14, 2005___
(date)

_____
Signature of Movant

6

227



### UNITED STATES DISTRICT COURT
### OF MASSACHUSETTS

**Case No.CR10234-Civ-Douglas Woodlock**

**Daniel Jean Louis,**

**appellant**

-v-

## STATEMENTS OF FACTS

Ground One:

Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge or the consequence of the plea. The appellant Daniel Jean Louis pleades guilty to conspiracy to commit bank fraud without the knowledge of the consequence of the plea since neither his lawyer or the court advised the appellant regarding any immigration consequence. The appellant has been in immigration custody for ten (10) months up till the present moment based on this lustant conviction even though he has never been convicted before charging him with an aggravated felony pursuant to the new Immigration law claiming that the amount of the loss exceed ten (10) thousand dollars. In the Pre-sentenced Report (PSR), the appellant was charged with $12,869.01 dollars. Presiding Judge Honorable Douglass Woodlock, mentioned that the appellant don't have full responsibility for the whole ammount. Ordinarily the appellant would have elligible for some kind of relief from deportation had it not been for the ammount of the loss attributed to the appellant. He has been in the United States for fifteen (15) years as a permanent resident with just only one conviction.

The Appellant Daniel Jean Louis, does not disputes that he was convicted of an offense that involves fraud. His Challenge relates to the scope of the offense and the resulting "loss to the victim or victims."

1. Now the Department of Homeland Security (DHS) has argued and used erroneous and unreliable informationin a pre-sentence report (PSR) to commence deportation proceedings against the appellant and has based its case around this said information to successfully order the appellant deported to his native land of Haiti.
2. The Appellant has been cahrged under Immigration Law as an alien convicted by a final Judgement of conspiracy to defraud a victim or victims of an amount in excess of $10,000.00 has been convicted of an aggravated felony as defined under INA 101(a) (43)(m)(i) and 101(a)(43)(u).
3. This is because the probation department / supervice release has enter wrong data to calculate an amount of $12,869.01 to the pre-sentence report (PSR) of the Appellant, Instead of dividing that same amount into two (2), which accurately provided the right data of $6,438.11. Thus, bringing the amount under $10,000 and not deportable under



Immigration Laws.

The appellant contends that there is "no indication" that his attorney has filed written objections to the pre-sentenced report pursuant to rule 32(b)(6)(B) of the federal rules of criminal procedures. His criminal defense attorney failure to object to this rule render him Ineffective Assistance of Counsel, the appellant suffered fundamental unfairness due to this cause of reckless neglectgence on the part of his attorney. Further more, a great harm was done, when the immigration judge admitted the pre-sentence report into evidence, because the appellant has been detained in the Bice custody for more than six (6) months and could be deported any day now.

The appellant Daniel Jean Louis, decided not to forgo his right to a trial and instead plead guilty to only one count of bank fraud, which should not have been considering he played a minor role by doing a friend a favor and passing a bad check. In return he saved the government and tax payers a great deal of money. If his lawyer had advised him with full understanding of the nature of the plea agreement that warrant him deportable as a long term permanent resident of this country. He is absolutely sure he would not have accepted it.

The deal between appellant Jean and the government was reduce to less than $10,000 in restitution. The core of the plea agreement where the understanding that appellant Jean, would up his rights to a trial and instead plea guilty "only" to "share" the restitution with his co-defendant Rhau, which is the key player in this case, see ex. (A) supervise release report, states as follows:

> "The defendant shall pay $12,869.01 in restitution
> immediately or according to a payment schedule to
> established by the probation officer and approved
> by the court. The restitution shall be paid by the
> defendant "JOINTLY" and severally with **Richardson
> Rhau**, who was convicted in a related case. Payments
> shall be to the clerk, U.S. District Court, for transfer to
> Citizens Bank. The defendant shall pay at least $100.00
> dollars per month in restitution"

Since there is no information verifying that the appellant Jean, received any of the proceed or personally withdrawing a penny from this fraudulent account. The only connection between appellant Jean-Louis, and this account is simply depositing the check. His portion of the restitution which is $6,438.11, should be dismissed.

Therefore, based on these facts the appellant received Ineffective Assistance of Counsel that warrant relief, and it would be unfair to remand this matter back to INS for further proceedings and the order should be vacated because it was not perfected. Appellant contends that criminal proceedings are strict and rigorous, because they are designed to accomplish a given task via set factors being met, and result in one party loosing by harm or by those factors being met.

( 3 )

When the given task is accomplished in accordance with all of the rules and regulations which govern that criminal proceeding then the task accomplished is perfected, set and cannot be disturbed. However, when the task is accomplished in violation of the rules or regulations that govern the proceedings, it is not perfected and if the violation affected the rights and interest on the loosing party then accomplished i.e. The order of restitution should be set aside, because the appellant family has paid over $7,000 dollars to an immigration attorney. Furthermore the appellant should be re-sentenced and the probation should be vacated due to the fact that he has spent three (3) months for the violation and has spent six (6) months in the Department of Homeland Security pending deportation.

Appellant therefore respectfully request that the order be vacated and order the appellant released from immigration custody. The appellant so prays.

CONCLUSION

Respectfully Submitted,

Daniel Jean Louis
Passaic County Jail
11 Sheriff's Plaza
Patterson NJ 07501

JUL-01-2004  15:39        US PROBATION OFFICE                    6177484260    P.05/05

Continuation Page - Supervised Release/Probation

CASE NUMBER:    **1: 00 CR 10234  - 001 - DPW**                    Judgment - Page 4 of 4
DEFENDANT:
                DANIEL JEAN-LOUIS

Continuation of Conditions of ☒Supervised Release ☐Probation

1. THE DEFENDANT SHALL NOT COMMIT ANY FEDERAL, STATE, OR LOCAL CRIME.

2. THE DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT (SET FORTH IN THIS JUDGMENT).

3. THE DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

4. THE DEFENDANT SHALL NOT USE ANY UNLAWFUL CONTROLLED SUBSTANCES.

5. THE DEFENDANT SHALL PAY $12,869.01 IN RESTITUTION IMMEDIATELY OR ACCORDING TO A PAYMENT SCHEDULE TO BE ESTABLISHED BY THE PROBATION OFFICER AND APPROVED BY THE COURT. THE RESTITUTION SHALL BE PAID BY THE DEFENDANT JOINTLY AND SEVERALLY WITH RICHARDSON RHAU, WHO WAS CONVICTED IN A RELATED CASE. PAYMENT SHALL BE TO THE CLERK, U.S. DISTRICT COURT, FOR TRANSFER TO CITIZENS BANK. THE DEFENDANT SHALL PAY AT LEAST $100 PER MONTH IN RESTITUTION.

6. THE DEFENDANT SHALL PAY THE $100 SPECIAL ASSESSMENT FORTHWITH.

7. THE DEFENDANT SHALL SUBMIT TO DRUG TESTING AS DIRECTED BY THE PROBATION OFFICER.

8. THE DEFENDANT IS PROHIBITED FROM INCURRING NEW CREDIT CHARGES OR OPENING ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER UNLESS THE DEFENDANT IS IN COMPLIANCE WITH THE PAYMENT SCHEDULE.

9. THE DEFENDANT SHALL PROVIDE THE PROBATION OFFICER WITH ANY REQUESTED FINANCIAL INFORMATION.

10. THE DEFENDANT SHALL NOTIFY THE UNITED STATES ATTORNEY FOR THE DISTRICT WITHIN 10 DAYS OF ANY CHANGE OF MAILING OR RESIDENCE ADDRESS THAT OCCURS WHILE ANY PORTION OF THE RESTITUTION REMAINS UNPAID.

11. THE DEFENDANT IS TO COMPLETE 250 HOURS OF COMMUNITY SERVICE PER YEAR AT AN AGENCY APPROVED BY THE PROBATION OFFICER. THE DEFENDANT SHALL PERFORM AT LEAST 20 HOURS OF COMMUNITY SERVICE EACH MONTH.

12. IF DEPORTED, THE DEFENDANT SHALL LEAVE THE UNITED STATES AND SHALL NOT RETURN WITHOUT PRIOR PERMISSION OF THE UNITED STATES ATTORNEY GENERAL.

# Jean Daniel
# 2G3

Forms. Model form for motions under 28 U.S.C. § 2255 and
model form for use in 28 U.S.C. § 2255 cases involving a Rule 9 issue

## MODEL FORM FOR MOTIONS UNDER 28 U.S.C. § 2255

Name _Daniel Jean - Louis_

Prison Number _____

Place of Cnfinement _Passaic County Jail_

United States District Court _for the_ District of _Massachusetts_
Case No. _____ (to be supplied by Clerk of U.S. District Court) United States,

v.

_Daniel Jean Louis_

(full name of movant)
(If movant has a sentence to be served in the future under a Federal judgment which he
wishes to attack, he should file a motion in the Federal Court which entered the
judgment.)

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
## BY A PERSON IN FEDERAL CUSTODY

(1) This motion must be legibly handwritten or typewritten, and signed by the movant
under penalty of perjury. Any false statement of a material fact may serve as the basis
for prosecution and conviction for perjury. All questions must be answered concisely in
the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely
upon to support your grounds for relief. No citation of authorities need be furnished.
If briefs or arguments are submitted, they should be submitted in the form of a separate
memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required
with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other
costs connected with a motion of this type, you may request permission to proceed *in
forma pauperis*, in which event you must execute the declaration on the last page,
setting forth information establishing your inability to pay the costs. If you wish to

proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is 1200 John Joseph Moakley U.S. Court House 1 Court House way Boston MA. 02210

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

## MOTION

1. Name and location of court which entered the judgment of conviction under attack United States District Court District of Massachusetts

2. Date of judgment of conviction Oct. 24, 00

3. Length of sentence _____

4. Nature of offense involved (all counts) Conspiracy to Commit Bank Fraud
   _____
   _____
   _____

5. What was your plea? (Check one)
   (a) Not guilty [ ]
   (b) Guilty [X]
   (c) Nolo contendere [ ]
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____
   _____
   _____

6. Kind of trial: (Check one)
   (a) Jury [ ]
   (b) Judge only [ ]

7. Did you testify at the trial?
   Yes [ ] No [ ]

8. Did you appeal from the judgment of conviction?
   Yes [ ] No [X]

222

9. If you did appeal, answer the following:
   (a) Name of court _____
   (b) Result _____
   (c) Date of result _____
10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any Federal court?
   Yes [ ] No [X]
11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _____
       (2) Nature of proceeding _____
       (3) Grounds raised _____ N | A _____
       _____
       _____
       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes [ ] No [ ]
       (5) Result _____ N | A _____
       (6) Date of result _____
   (b) As to any second petition, application or motion give the same information:
       (1) Name of court _____
       (2) Nature of proceeding _____
       (3) Grounds raised _____ N | A _____
       _____
       _____
       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes [ ] No [ ]
       (5) Result _____ N | A _____
       (6) Date of result _____
   (c) As to any third petition, application or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes [ ] No [ ]

(d) Did you appeal, to an appellate Federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes [ ] No [ ]

(2) Second petition, etc. Yes [ ] No [ ]

(3) Third petition, etc. Yes [ ] No [ ]

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____

_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the fact supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

   **CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.**

   For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

224

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

B. Ground two: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

C. Ground three: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

D. Ground four: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously
presented, state briefly what grounds were not so presented, and give
your reasons for not presenting them: Ground A. were not
previously presented because petitioner didn't
aware of the Immigration Consequence
until he was detained by the (I·N·S) service
on 11-09-2004

14. Do you have any petition or appeal now pending in any court as to the
judgment under attack?
Yes [ ] No [X]

15. Give the name and address, if known, of each attorney who represented you
in the following stages of the judgment attacked herein:
(a) At preliminary hearing _____

_____

(b) At arraignment and plea  Gordon W. Spencer
555 Amory St. #10 Jamaica plain MA. 02130
(c) At trial _____  Same as above
_____

(d) At sentencing _____  same as above
_____

(e) On appeal _____  None
_____

(f) In any post-conviction proceeding ____  None
_____

(g) On appeal from any adverse ruling in a post-conviction proceeding
_____  None
_____

16. Were you sentenced on more than one count of an indictment, or on more
than one indictment, in the same court and at approximately the same
time?
Yes [ ] No [X]

226

S

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes [ ] No [X]

(a) If so, give name and location of court which imposed sentence to be served in the future: _____ N/A _____
_____

(b) And give date and length of sentence to be served in the future: _____ N/A _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes [ ] No [ ]

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _June 14, 2005_
(date)

_____
Signature of Movant

6



**UNITED STATES DISTRICT COURT**
**OF MASSACHUSETTS**

**Case No.CR10234-Civ-Douglas Woodlock**

**Daniel Jean Louis,**

**appellant**

-v-

## STATEMENTS OF FACTS

Ground One:

Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge or the consequence of the plea. The appellant Daniel Jean Louis pleades guilty to conspiracy to commit bank fraud without the knowledge of the consequence of the plea since neither his lawyer or the court advised the appellant regarding any immigration consequence. The appellant has been in immigration custody for ten (10) months up till the present moment based on this lustant conviction even though he has never been convicted before charging him with an aggravated felony pursuant to the new Immigration law claiming that the amount of the loss exceed ten (10) thousand dollars. In the Pre-sentenced Report (PSR), the appellant was charged with $12,869.01 dollars. Presiding Judge Honorable Douglass Woodlock, mentioned that the appellant don't have full responsibility for the whole ammount. Ordinarily the appellant would have elligible for some kind of relief from deportation had it not been for the ammount of the loss attributed to the appellant. He has been in the United States for fifteen (15) years as a permanent resident with just only one conviction.

The Appellant Daniel Jean Louis, does not disputes that he was convicted of an offense that involves fraud. His Challenge relates to the scope of the offense and the resulting "loss to the victim or victims."

1. Now the Department of Homeland Security (DHS) has argued and used erroneous and unreliable informationin a pre-sentence report (PSR) to commence deportation proceedings against the appellant and has based its case around this said information to successfully order the appellant deported to his native land of Haiti.
2. The Appellant has been cahrged under Immigration Law as an alien convicted by a final Judgement of conspiracy to defraud a victim or victims of an amount in excess of $10,000.00 has been convicted of an aggravated felony as defined under INA 101(a) (43)(m)(i) and 101(a)(43)(u).
3. This is because the probation department / supervice release has enter wrong data to calculate an amount of $12,869.01 to the pre-sentence report (PSR) of the Appellant, Instead of dividing that same amount into two (2), which accurately provided the right data of $6,438.11. Thus, bringing the amount under $10,000 and not deportable under



Immigration Laws.

The appellant contends that there is "no indication" that his attorney has filed written objections to the pre-sentenced report pursuant to rule 32(b)(6)(B) of the federal rules of criminal procedures. His criminal defense attorney failure to object to this rule render him Ineffective Assistance of Counsel, the appellant suffered fundamental unfairness due to this cause of reckless neglectgence on the part of his attorney. Further more, a great harm was done, when the immigration judge admitted the pre-sentence report into evidence, because the appellant has been detained in the Bice custody for more than six (6) months and could be deported any day now.

The appellant Daniel Jean Louis, decided not to forgo his right to a trial and instead plead guilty to only one count of bank fraud, which should not have been considering he played a minor role by doing a friend a favor and passing a bad check. In return he saved the government and tax payers a great deal of money. If his lawyer had advised him with full understanding of the nature of the plea agreement that warrant him deportable as a long term permanent resident of this country. He is absolutely sure he would not have accepted it.

The deal between appellant Jean and the government was reduce to less than $10,000 in restitution. The core of the plea agreement where the understanding that appellant Jean, would up his rights to a trial and instead plea guilty "only" to "share" the restitution with his co-defendant Rhau, which is the key player in this case, see ex. (A) supervise release report, states as follows:

> *"The defendant shall pay $12,869.01 in restitution*
> *immediately or according to a payment schedule to*
> *established by the probation officer and approved*
> *by the court. The restitution shall be paid by the*
> *defendant "JOINTLY" and severally with **Richardson***
> ***Rhau**, who was convicted in a related case. Payments*
> *shall be to the clerk, U.S. District Court, for transfer to*
> *Citizens Bank. The defendant shall pay at least $100.00*
> *dollars per month in restitution"*

Since there is no information verifying that the appellant Jean, received any of the proceed or personally withdrawing a penny from this fraudulent account. The only connection between appellant Jean-Louis, and this account is simply depositing the check. His portion of the restitution which is $6,438.11, should be dismissed.

Therefore, based on these facts the appellant received Ineffective Assistance of Counsel that warrant relief, and it would be unfair to remand this matter back to INS for further proceedings and the order should be vacated because it was not perfected. Appellant contends that criminal proceedings are strict and rigorous, because they are designed to accomplish a given task via set factors being met, and result in one party loosing by harm or by those factors being met.



When the given task is accomplished in accordance with all of the rules and regulations which govern that criminal proceeding then the task accomplished is perfected, set and cannot be disturbed. However, when the task is accomplished in violation of the rules or regulations that govern the proceedings, it is not perfected and if the violation affected the rights and interest on the loosing party then accomplished i.e. The order of restitution should be set aside, because the appellant family has paid over $7,000 dollars to an immigration attorney. Furthermore the appellant should be re-sentenced and the probation should be vacated due to the fact that he has spent three (3) months for the violation and has spent six (6) months in the Department of Homeland Security pending deportation.

Appellant therefore respectfully request that the order be vacated and order the appellant released from immigration custody. The appellant so prays.

CONCLUSION

Respectfully Submitted,

Daniel Jean Louis
Passaic County Jail
11 Sheriff's Plaza
Patterson NJ 07501

Continuation Page · Supervised Release/Probation

CASE NUMBER: **1: 00 CR 10234 - 001 - DPW**                    Judgment · Page 4 of 4
DEFENDANT: DANIEL JEAN-LOUIS

Continuation of Conditions of ☒Supervised Release ☐Probation

1. THE DEFENDANT SHALL NOT COMMIT ANY FEDERAL, STATE, OR LOCAL CRIME.

2. THE DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT (SET FORTH IN THIS JUDGMENT).

3. THE DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

4. THE DEFENDANT SHALL NOT USE ANY UNLAWFUL CONTROLLED SUBSTANCES.

5. THE DEFENDANT SHALL PAY $12,869.01 IN RESTITUTION IMMEDIATELY OR ACCORDING TO A PAYMENT SCHEDULE TO BE ESTABLISHED BY THE PROBATION OFFICER AND APPROVED BY THE COURT. THE RESTITUTION SHALL BE PAID BY THE DEFENDANT JOINTLY AND SEVERALLY WITH RICHARDSON RHAU, WHO WAS CONVICTED IN A RELATED CASE. PAYMENT SHALL BE TO THE CLERK, U.S. DISTRICT COURT, FOR TRANSFER TO CITIZENS BANK. THE DEFENDANT SHALL PAY AT LEAST $100 PER MONTH IN RESTITUTION.

6. THE DEFENDANT SHALL PAY THE $100 SPECIAL ASSESSMENT FORTHWITH.

7. THE DEFENDANT SHALL SUBMIT TO DRUG TESTING AS DIRECTED BY THE PROBATION OFFICER.

8. THE DEFENDANT IS PROHIBITED FROM INCURRING NEW CREDIT CHARGES OR OPENING ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER UNLESS THE DEFENDANT IS IN COMPLIANCE WITH THE PAYMENT SCHEDULE.

9. THE DEFENDANT SHALL PROVIDE THE PROBATION OFFICER WITH ANY REQUESTED FINANCIAL INFORMATION.

10. THE DEFENDANT SHALL NOTIFY THE UNITED STATES ATTORNEY FOR THE DISTRICT WITHIN 10 DAYS OF ANY CHANGE OF MAILING OR RESIDENCE ADDRESS THAT OCCURS WHILE ANY PORTION OF THE RESTITUTION REMAINS UNPAID.

11. THE DEFENDANT IS TO COMPLETE 250 HOURS OF COMMUNITY SERVICE PER YEAR AT AN AGENCY APPROVED BY THE PROBATION OFFICER. THE DEFENDANT SHALL PERFORM AT LEAST 20 HOURS OF COMMUNITY SERVICE EACH MONTH.

12. IF DEPORTED, THE DEFENDANT SHALL LEAVE THE UNITED STATES AND SHALL NOT RETURN WITHOUT PRIOR PERMISSION OF THE UNITED STATES ATTORNEY GENERAL.