UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
DANIEL JEAN-LOUIS,            )
      Petitioner            )
v.                            )   C.A. No. 05-11274-DPW
                              )
UNITED STATES OF AMERICA      )   (Crim. No. 00-10234-DPW)
Defendant                     )
_____)

**GOVERNMENT'S MOTION TO ENLARGE TIME FOR RESPONDING TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE FROM JULY 12, 2005 UNTIL AUGUST 12, 2005**

The United States, by and through Michael J. Sullivan, United States Attorney, and the undersigned Assistant United States Attorney, (hereinafter, the "government"), moves to enlarge the time provided for the filing of its Response to Petitioner's Motion filed pursuant to 28 U.S.C. § 2255 (hereinafter "Petitioner's Motion") by thirty-one (31) days, from July 12, 2005 until August 12, 2005.  As grounds therefor, the government states as follows:

    1.    Petitioner's Motion was filed on June 16, 2005.  This Court (Woodlock, D.J.) then issued Procedural and Service Orders, calling for a response from the government, on June 20, 2005.  Those Orders and Petitioner's Motion were received in the United States Attorney's Office on June 22, 2005.  Accordingly, the government's response is due July 12, 2005.

    2.    Petitioner's Motion is untimely, because his conviction became final not later than November 21, 2000, the date

      of filing of the Judgment and Conviction.  Defendant had previously been sentenced on November 15, 2000.  No appeal was taken, and no other event served to toll the limitations period.  Accordingly, pursuant to 28 U.S.C. § 2255(1), Petitioner's Motion is untimely.

3. The gravamen of Petitioner's claim is that he did not understand that he pled guilty to a so-called "aggravated felony," and did not understand that as a result of his conviction, he was deportable by United States immigration authorities.

4. In fact, both the plea agreement Petitioner executed, (Plea Agreement, paragraph 2, pp. 1-2) ("Defendant may also be deportable and/or excludable by the United States Immigration and Naturalization Service as a consequence of his conviction of the offense to which he is pleading guilty"), and the Judgment and Conviction (Special Conditions of Probation, No. 11, p. 5 ("If deported, the defendant shall leave the United States and shall not return without prior permission of the United States Attorney General"), clearly indicate that Petitioner was aware that he was deportable as a result of his conviction.

5. In order to illustrate that Petitioner was fully aware that he could be deported following his conviction, the

    undersigned attorney for the government has requested transcripts of the July 20, 2000 Change of Plea Hearing and the November 15, 2000 Sentencing Hearing.  The government understands that at the Change of Plea Hearing, the Court advised Petitioner that he could be deported if he pled guilty and was convicted.  The government further understands that the Court specifically enumerated Point 11 of the Special Conditions of Probation at the Sentencing Hearing.

6. Thus, although the government understands that Petitioner's Motion is untimely, in Order to present all the relevant information to the Court should the Court decide to consider Petitioner's Motion on the merits, the government is prepared to demonstrate to the Court that petitioner was advised that he would be deportable, both prior to his change of plea and as part of his sentencing.

7. The undersigned attorney for the government has requested copies of the transcripts from Ms. Pamela Owens (who recorded the Sentencing Hearing) and Ms. Nancy Eaton (who recorded the Change of Plea Hearing).  The government is aware that Ms. Owens was out of the office until July 11, 2005, and that a message was forwarded to Ms. Eaton by the Clerk's Office.  The

>undersigned has not yet learned when those transcripts will be prepared. Based on past experience, an extension of one month should allow sufficient time for preparation of the transcripts and completion of the government's response.

WHEREFORE, good cause having been shown, the government requests that the time by which it is required to respond to Petitioner's Motion be enlarged thirty-one (31) days from July 12, 2005 until August 12, 2005.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/ Gregory Moffatt
>　　 GREGORY MOFFATT
>　　 Assistant U.S. Attorney