UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
DANIEL JEAN-LOUIS,            )
      Petitioner            )
v.                            )   C.A. No. 05-11274-DPW
                              )
UNITED STATES OF AMERICA      )   (Crim. No. 00-10234-DPW)
Defendant                     )
_____)

**GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO**
**PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

    The United States, by and through Michael J. Sullivan, United States Attorney, and the undersigned Assistant United States Attorney, (hereinafter, the "government"), files this Supplemental Opposition to Petitioner's Motion filed pursuant to 28 U.S.C. § 2255 (hereinafter "Petitioner's Motion"). Even as refiled on September 20, 2005, the gravamen of Petitioner's motion is that his sentence must be vacated because he did not understand that his conviction carried with it potential immigration consequences, including deportation from the United States. As the government argued in its Opposition to the first version of Petitioner's Motion, Petitioner's Motion is untimely, procedurally barred and fails on the merits, as he was repeatedly advised of the immigration consequences he faced throughout the criminal litigation. The government's initial Opposition, filed on August 12, 2005, is incorporated by reference herein.

    Petitioner has now shifted his argument away from a claim that his guilty plea was not knowing and voluntary to a claim

that the court should have held him responsible for only one half of the restitution he was ordered to pay, that is, $12,869.01. The effect of reducing this amount by half to $6,434.51, would be to eliminate his status as an aggravated felon. As with his initial complaint, this claim is both untimely and procedurally barred for the reasons advanced in the government's prior memorandum.

    A.    **The Restitution Statute**

The government acknowledges that in sentencing Petitioner, the Court had the discretion, pursuant to 18 U.S.C. § 3664(h), to apportion liability for restitution to Petitioner "to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." It also has the discretion, which it exercised in this case, to make each defendant liable for payment of the full amount of the restitution. As the United States Court of Appeals for the First Circuit has recognized:

> When more than one defendant causes a loss to a victim, the district court may within its discretion "make each defendant liable for payment of the full amount of restitution or ... apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h) (citation omitted). If the defendants are each made liable for the full amount, but the victim may recover no more than the total loss, the implication is that each defendant's liability ends when the victim is made whole, regardless of the actual contributions of individual defendants--a rule that corresponds to the common law concept of joint and several liability. Cf. <u>Tilcon Capaldi, Inc. v. Feldman</u>, 249 F.3d 54, 62 (1st Cir. 2001)(defining joint and several liability to mean

> "that damages are a single sum specified in the judgment, that each wrongdoer is liable for the full amount, but the wronged party cannot collect under the judgment more than the single sum").  Indeed, the legislative history for this provision states that it "gives the court the discretion either to make multiple defendants jointly and severally liable ... or to apportion the restitution order among the various defendants." S.Rep. No. 104-179, at 15 (1996), reprinted in 1996 U.S.C.C.A.N. 924, 928.
>
> .... Rather than true joint and several liability, this type of liability is a creature of the restitution statute; such an order is within the district court's discretion.  See United States v. Trigg, 119 F.3d 493, 500-01 & n. 6 (7th Cir. 1997)(interpreting a prior version of the restitution statute, and noting that Congress had made the authority to impose joint and several liability if anything broader in the statute now at issue); United States v. Harris, 7 F.3d 1537, 1539-40 & n. 1 (10th Cir. 1993) (interpreting the earlier statute).

United States v. Scott, 270 F.3d 30, 52-53 (1st Cir. 2001), cert. denied, 535 U.S. 1007 (2002).  Here, neither the government nor Petitioner sought to have the Court exercise its discretion to apportion the restitution due, either in the terms of the plea agreement or at sentencing.  In fact, in the plea agreement, the parties agreed that the amount of restitution was $12,869.01.  At the time Petitioner was sentenced, the full amount of restitution was still due and owing, and there was no certainty that Richardson Rhau would make restitution in the future.  It was entirely appropriate for the Court to order Petitioner to pay restitution as it did.  As noted above, no appeal was taken from the conviction or the sentence.  Petitioner is now procedurally defaulted from asking the Court to revisit the issue in this

collateral litigation.

## CONCLUSION

Petitioner's claim that he should have been found liable for only one half of the restitution he was ordered to pay is time-barred because not raised within one year of the date upon which his conviction became final.  Further, the claim is procedurally barred because petitioner did not raise this claim on direct review.  Finally, petitioner's claim fails on the merits.  He specifically agreed to the amount of restitution in the plea agreement, and the government did not misrepresent to petitioner the consequences of his plea.

The Petition should be denied.

>                             Respectfully submitted,
>                             MICHAEL J. SULLIVAN
>                             United States Attorney
>
>                     By:     /s/ Gregory Moffatt
>                             GREGORY MOFFATT
>                             Assistant U.S. Attorney

October 11, 2005