```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


DANIEL JEAN-LOUIS,              )
     PETITIONER,                )
                                )       CIVIL ACTION NO.
          v.                    )       05-11274-DPW
                                )
UNITED STATES OF AMERICA,       )       CRIMINAL 00-10234-DPW
     RESPONDENT.                )
```

<u>MEMORANDUM AND ORDER</u>
March 28, 2006


Daniel Jean-Louis was the defendant in a criminal proceeding in which he pled guilty pursuant to a plea agreement that recognized his conviction might result in adverse immigration consequences.  He now seeks relief from such consequences through the instant petition to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.

As a procedural matter, the petition, which challenges a conviction that became final in November 2000 and was not appealed, is barred as untimely.  28 U.S.C. § 2255 para. 6, § (1).

More fundamentally, as a substantive matter, the petition concerns a collateral consequence to his plea and conviction which does not provide grounds for the relief he seeks.  The First Circuit has been clear that potential adverse immigration consequences resulting from a conviction are no grounds for vacating a plea, even if the full dimensions of those immigration consequences were neither foreseen or even foreseeable.  <u>See generally</u> <u>United States v. Gonzales</u>, 202 F.3d 20 (1st Cir. 2000).

Whether styled as ineffective assistance of counsel or--against all actual circumstances in this case--as lack of a knowing or voluntary plea, the petition provides no sufficient grounds for collateral attack on the sentence.

The question of whether the loss attributable to the defendant jointly and severally for guideline and restitutionary purposes (an amount to which the defendant agreed) may also support a finding that this offense was an aggravated felony for purposes of defendant's deportation proceeding, cf. United States v. Roselli, 366 F.3d 58, 62 (1st Cir. 2004) (sentencing finding regarding loss "might be preclusive in any subsequent deportation proceeding" (emphasis supplied)), is one which cannot be resolved in this case by this Court at this time.

Accordingly, the Clerk is directed to dismiss this action.

/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE